UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA LINDSEY F.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | Case No.: 3:20-cv-01548-AHG<br><br>**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 3]** |

## I. BACKGROUND

On August 11, 2020, Plaintiff filed a Complaint seeking judicial review of the administrative decision denying her application for Social Security benefits. ECF No. 1. Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 3.

## II. LEGAL STANDARD

A motion to proceed IFP presents two issues for the Court's consideration. First, the Court must determine whether the applicant has properly shown an inability to pay the $400 filing fee under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To that end, each applicant seeking to proceed IFP must provide the Court a signed affidavit including a statement of all the applicant's assets. CivLR 3.2(a). Second,

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must evaluate whether the Complaint sufficiently states a claim upon which relief may be granted before the Complaint is served. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

## III. DISCUSSION

### A. Motion to Proceed IFP

A person need not be absolutely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). To meet the requirements of 28 U.S.C. § 1915(a), "[] an affidavit is sufficient which states that one cannot because of [her] poverty 'pay or give security for the costs . . . and still be able to provide' [herself] and dependents 'with the necessities of life.'" *Adkins*, 355 U.S. at 339 (internal quotations omitted). To establish poverty, the facts must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). District courts must exercise their discretion and evaluate a person's poverty based upon available facts. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) *rev'd on other grounds*, 506 U.S. 194 (1993).

Plaintiff's IFP Motion (ECF No. 3) contains a sworn statement consisting of her income and assets. According to her sworn statement, Plaintiff's income consists of approximately $1,664 per month in long-term disability benefits, and she has not been employed since 2015. *Id.* at 1-2. Her assets include $35 in personal cash; $982 in checking and savings accounts; and a 2009 Toyota Prius. *Id.* at 2-3. Plaintiff states that her monthly expenses, including rent, amount to $2,162.50 per month, and that her mother sometimes helps her pay for living expenses. *Id.* at 4-5.

Plaintiff's monthly expenses outpace her monthly income by approximately $500. Additionally, Plaintiff's sworn statement shows only $1,017 in immediately available cash. A $400 filing fee would cost her approximately 40% of her current available funds. Therefore, the Court finds Plaintiff has sufficiently shown an inability to pay the filing fee

without sacrificing the necessities of life. Plaintiff has thus met the required showing of indigence under Section 1915(a).

### B. Screening under 28 U.S.C. § 1915(e)

As discussed above, every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to a mandatory screening by the Court under Section 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127. Under that subprovision, the Court must dismiss complaints that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Social Security appeals are not exempt from this screening requirement. *See Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits [under 42 U.S.C. 405(g)]."); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (affirming that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Rule 8 sets forth the federal pleading standard used to determine whether a complaint states a claim upon which relief may be granted. Fed. R. Civ. P. 8; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("[A] complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "detailed factual allegations" are not required, but a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" to justify relief). A proper pleading "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted) (referring to Fed. R. Civ. P. 8). When a plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face," the Court must either dismiss a portion, or the entirety of the complaint. *Twombly*, 550 U.S. at 547; *Hoagland*, 2012 WL 2521753, at *1.

Having reviewed Plaintiff's Complaint, the Court finds Plaintiff has sufficiently stated a claim upon which relief may be granted. Specifically, Plaintiff appeals the Commissioner's denial of her benefits application pursuant to 42 U.S.C. § 405(g) on the grounds that: (1) the Administrative Law Judge's ("ALJ") finding of non-disability is not supported by substantial evidence and does not comport with the applicable law or regulations; (2) the ALJ failed to properly evaluate the medical evidence of record; (3) the ALJ failed to fully account for all of Plaintiff's limitations in determining her Residual Functional Capacity; (4) the ALJ failed to properly evaluate Plaintiff's subjective reports of her symptoms and limitations; and (5) the ALJ failed to properly consider Plaintiff's vocational factors. ECF No. 1 at 2. The Court finds these allegations sufficiently specific to state a claim for reversal or remand of the Commissioner's decision.

## IV. CONCLUSION

Based on the foregoing considerations, the Court **GRANTS** the IFP Motion (ECF No. 3). In accordance with Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d), the Court **DIRECTS** the Clerk to issue the summons and to send Plaintiff a blank United States Marshal Service ("USMS") Form 285 along with certified copies of this Order and her Complaint (ECF No. 1). Once Plaintiff receives this "IFP Package," the Court **ORDERS** her to complete the Form 285 and forward all documents in the package to the USMS. Upon receipt, the USMS will serve a copy of the Complaint and summons on Defendant as directed by Plaintiff on the USMS Form 285. The United States will advance all costs of service.

**IT IS SO ORDERED.**

Dated: August 12, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge