UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA F., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Commissioner of Social Security, <br><br> Defendant. | Case No.: 3:20-cv-01548-AHG <br><br> **ORDER GRANTING AMENDED JOINT MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT** <br><br> **[ECF No. 22]** |

Before the Court is the parties' Amended Joint Motion for the Award of Attorney Fees Under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412(d). ECF No. 22. The parties have filed the Amended Joint Motion in response to the Court's Order requiring them to file supplemental briefing regarding the reasonableness of the hours and rates billed by Plaintiff's counsel, as well as evidence of the assignment agreement between Plaintiff and her counsel. *See* ECF Nos. 20, 21.

For the reasons set forth below, the Court **GRANTS** the parties' joint motion.

## I. BACKGROUND

The underlying action involves Plaintiff's appeal of the Social Security Administration's denial of her application for disability insurance benefits at the agency level. ECF No. 1. After the Commissioner of Social Security ("Defendant") filed the administrative record, the Court issued a Scheduling Order requiring the parties to file a Joint Motion for Judicial Review of the Commissioner's decision no later than November 1, 2021, a deadline which the Court later extended to November 30, 2021 at the parties' joint request. ECF Nos. 13, 16.

On November 16, 2021, the parties filed a joint motion for voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 17. The same day, the Court granted the joint motion, remanded the case to the Commissioner of Social Security for further administrative action, and entered a final judgment reversing the final decision of the Commissioner. ECF No. 18. A Clerk's Judgment was then entered. ECF No. 19.

On February 14, 2022, the parties filed their original Joint Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"). ECF No. 20. The Court required the parties to submit supplemental briefing to establish the reasonableness of the fee request and the fact of Plaintiff's assignment of her EAJA claim for attorney fees to her counsel. ECF No. 21. On February 18, 2022, the parties complied with the Court's order by filing the instant amended joint motion, which incorporates by reference the assertions in the original Joint Motion and includes the additional required information. ECF No. 22.

In the motion, the parties jointly request that Plaintiff receive an award of attorney fees and expenses in the amount of $7,500.00 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *Id.* at 1. In support of the request, Plaintiff's counsel submitted a time sheet showing that four attorneys worked on Plaintiff's case for a total of 40 hours[1] of work, and provided the noncontingent hourly rates of each attorney. ECF No. 22-1. Specifically, partner Karl Osterhout completed 13.6 hours of work with a typical billing rate of $400 per hour, partner Hannalore Merritt completed 1.5 hours of work with a typical billing rate of $300 per hour, senior associate Lindsey Sbrolla completed 24.6 hours of work with a typical billing rate of $225 per hour, and associate Meghan Lambert completed of .3 hours of work with a typical billing rate of $175 per hour. *Id.*

## II.   THRESHOLD ISSUE OF TIMELINESS

According to the EAJA, an application for fees must be filed "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). A final judgment is "a judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). The Ninth Circuit has held that the EAJA's 30-day filing period does not begin to run until after the 60-day appeal period in Federal Rule of Appellate Procedure 4(a).[2] *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 612 (9th Cir. 2007).

Here, the parties filed an attorney fees motion on February 14, 2022, 90 days after final judgment was filed on November 16, 2021. The motion was filed 30 days after the 60-day period expired and falls within the 30-day filing period. Accordingly, the motion for attorney fees is timely.

## III.   DISCUSSION

---

[1] The calculated "total" on the Itemization of Time is reported as 39.8 hours. However, the Court's calculation shows that the sum of the itemized time is 40 hours (13.6 + 1.5 + 24.6 + .3). *See* ECF No. 22-1.

[2] Federal Rule of Appellate Procedure 4(a) provides that a "notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from" if one of the parties is the United States or a United States officer sued in an official capacity. Fed. R. App. P. 4(a)(1)(B).

Under the EAJA, a litigant is entitled to attorney fees and costs if: "(1) [s]he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005). The Court will address these elements in turn.

### A. Prevailing Party

A plaintiff is a prevailing party if she "has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Ulugalu v. Berryhill*, No. 17cv1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting *Schaefer*, 509 U.S. at 302). Here, as discussed above, Plaintiff is the prevailing party because this case was remanded pursuant to sentence four of 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) ("A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees."); *Ulugalu*, 2018 WL 2012330, at *2 (in a case where the parties jointly stipulated to remand, "because the Court granted the Commissioner's proposed order for remand and entered judgment in favor of Plaintiff pursuant to sentence four, Plaintiff is a prevailing party"); *see* ECF Nos. 17, 18 (remanding the case pursuant to sentence four of 42 U.S.C. § 405(g)).

### B. Substantial Justification

The government bears the burden of proving that its position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here, the parties have stipulated to the EAJA amount, and explain that the stipulation "constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA." ECF No. 20 at 2. Although Defendant's stipulation does not constitute an admission of liability on its part, the compromise nature of the request is sufficient to find the second element met, given that "Defendant has stipulated to the attorney[] fees and does not argue that the prevailing party's position was substantially unjustified." *Krebs v. Berryhill*, 16cv3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D. Cal. June 21, 2018); *see also Black v. Berryhill*, No. 18cv1673-JM-LL, 2019 WL

2436393, at *1 (S.D. Cal. June 11, 2019) (finding the second element met because, "in light of the joint nature of the parties' request and the court's prior order remanding this action, the government has not shown that its position was substantially justified."). Furthermore, "[b]ecause the Commissioner filed a voluntary stipulation for remand and the matter was referred to an Administrative Law Judge to make a new determination as to Plaintiff's disability, the Court is persuaded the Commissioner did not have substantial justification for denying Plaintiff disability rights." *Ulugalu*, 2018 WL 2012330, at *3.

### C. Reasonableness of Hours

The parties seek a fee award for 40 hours billed by Plaintiff's counsel. ECF No. 22-1. The Court finds the number of hours billed by Plaintiff's counsel to be reasonable. *See* 28 U.S.C. § 2412(d); *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009); *see also Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012) (reiterating the Ninth Circuit's previous position that "'lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees' because 'the payoff is too uncertain.' [] As a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'") (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008)). The number of hours billed is within the typical range seen in social security appeals. *See, e.g.*, *Costa*, 690 F.3d at 1136 (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases"); *Chavez v. Colvin*, No. CV-12-01124-PHX-DGC, 2014 WL 4284791, at *1 (D. Ariz. Aug. 29, 2014) (finding 39 hours billed by plaintiff's counsel a reasonable number of hours); *Stearns v. Colvin*, No. 3:14-CV-05611 JRC, 2016 WL 730301, at *5 (W.D. Wash. Feb. 24, 2016) (collecting cases to establish that the typical number of hours reported for counsel in a social security case ranged from 18-40 hours); *Guzman v. Comm'r of Soc. Sec.*, No. 2:20-CV-0468-KJN, 2021 WL 2534462, at *4 (E.D. Cal. June 21, 2021) (finding a total of 38 hours for counsel spent prosecuting the Social Security appeal to be reasonable in a case where, as here, the parties agreed to a sentence-four remand).

### D. Reasonableness of Hourly Rate

The EAJA provides that the Court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit's hourly EAJA rates for work performed in 2021, factoring in increases in the cost of living, was $217.54. *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Feb. 22, 2022); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases") (citing 28 U.S.C. § 2412(d)(2)(A)); *see, e.g.*, *Black*, 2019 WL 2436393, at *1 (considering the Ninth Circuit's hourly EAJA rate a reasonable rate). Here, although the total amount of attorney fees would ordinarily total $11,477.50 given Plaintiff's counsel's typical billing rates, and applying the 2021 EAJA rate of $217.54 to the 39.5 hours of work done in 2021[3] would total $8,592.83, the parties request a total discounted amount of $7,500. *See* ECF Nos. 22, 22-1. As such, the Court finds that the hourly rate billed by counsel is reasonable.

### E. Assignment of Rights to Counsel

The parties jointly request that "[f]ees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to counsel, pursuant to the assignment executed by Plaintiff." ECF No. 20 at 2; *see also* ECF No. 22-2 (agreement signed by Plaintiff stating "I hereby assign my rights in any fees

---

[3] One half-hour of reported billed work was in February 2022, for reviewing the Itemization of Time. ECF No. 22-1 at 1.

payable to me under the EAJA to my attorneys at [Osterhout Berger Disability Law, LLC]").

The Supreme Court has held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010). Nonetheless, "district courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4–*5 (reviewing Plaintiff's assignment agreement and ordering that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt); *Bell v. Berryhill*, No. 16cv809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018) (same); *Blackwell v. Astrue*, No. CIV-08-1454-EFB, 2011 WL 1077765, at *4–*5 (E.D. Cal. Mar. 21, 2011) (same); *Castaneda v. Astrue*, No. EDCV-09-1850-OP, 2010 U.S. Dist. LEXIS 72887, at *6–*8 (C.D. Cal. Jul. 20, 2010) (same); *see also Calderon v. Astrue*, No. 08cv1015-GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 21, 2010) ("Plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any offset for applicable government debts. Defendant, however, seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt . . . . This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset").

Here, Plaintiff assigned her right to EAJA fees to her attorney. ECF No. 22-2. Accordingly, if Plaintiff has no federal debt that is subject to offset, the award of fees may be paid directly to her counsel at Osterhout Berger Disability Law, LLC, pursuant to the assignment agreement.

\\
\\
\\

## IV. CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that:

1. The parties' Amended Joint Motion for the Award of Attorney Fees Under the Equal Access to Justice Act (ECF No. 22) is **GRANTED**;

2. Plaintiff is awarded attorney fees under the EAJA in the amount of $7,500.00; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel. *See* ECF No. 20 at 2; *see, e.g.*, *Mendoza v. Saul*, No. 18cv925-SKO, 2020 WL 406773, at *5 (E.D. Cal. Jan 24, 2020).

**IT IS SO ORDERED.**

Dated: February 23, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge